UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS TRAN, INDIVIDUALLY AND ON | § | |
| BEHALF OF SIMILARLY SITUATED | § | |
| INDIVIDUALS, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-0241 |
| | § | |
| ST. LUKE'S EPISCOPAL HEALTH SYSTEM, | § | |
| *Defendant.* | § | |

## SUMMARY JUDGMENT OPINION AND ORDER

This Fair Labor Standards Act (FLSA) case is before the court on defendant St. Luke's

Episcopal Health System's motion for summary judgment.[1]  Having considered the parties'

submissions and the law, St. Luke's motion is granted in part and denied in part.

## Background

Plaintiff Marcus Tran worked for St. Luke's as a Network Analyst in the Enterprise

Computing Services (ESC) group of its IT department from May 2007 until March 2010.

Tran's salary at the time of his termination was approximately $82,000 per year.

Tran says he worked in excess of 40 hours per week and was not paid overtime as

required by the FLSA.  He also argues that St. Luke's knew he was not an exempt employee

and willfully violated the FLSA.  St. Luke's contends that Tran is exempt from the overtime

pay requirements of the FLSA pursuant to the Computer Professional and Administrative

---

[1]     The parties have consented to this Magistrate Judge's jurisdiction for all purposes, including
final judgment (Dkt. 11).

Employee exemptions of the Act, and that there is no evidence that it acted willfully.  Tran's job title is undisputed, but the parties vigorously dispute the true nature of Tran's job duties. Tran accuses St. Luke's of exaggerating his duties (*see, e.g.,* Dkt. 27 at 7), while St. Luke's accuses Tran of minimizing his duties (*see, e.g.,* Dkt. 28 at 4).

## Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The  party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).  Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party.  *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action."  *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

A summary judgment movant who bears the burden of proof on a claim must establish each element of the claim as a matter of law.  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)).

If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

In a non-jury trial, the judge is the ultimate trier of fact. In such cases, the court may grant summary judgment where a trial would not enhance the court's ability to draw inferences and conclusions. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978); *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991). The district court must be aware that assessments of credibility, however, come into sharper focus upon hearing live witnesses. *Placid Oil*, 932 F.2d at 398.

## Analysis

The FLSA provides that employers must pay covered workers compensation at least one and one-half times the employee's regular rate of pay for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). Certain employees are exempt from FLSA coverage. The employer bears the burden of proving an exemption applies, and exemptions are narrowly construed against the employer. *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 548, 584 (5th Cir. 2006). The ultimate legal question whether an employee is exempt relies on findings of fact. *Smith v.*

*City of Jackson, Miss.*, 954 F.2d 296, 298 (5th Cir. 1992); *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990).

At issue in this case are the Computer Professional exemption, 29 U.S.C. § 213(a)(1)(17); 29 C.F.R. § 541.400, and the Administrative exemption, 29 C.F.R. § 541.200. Also at issue in this case is the applicable statute of limitations. The FLSA statute of limitations is two years for non-willful violations, and three years for willful violations. 29 U.S.C. § 255(a). The court will address this issue first.

### 1.    Statute of Limitations

An FLSA plaintiff bears the burden of proving his employer's willfulness. *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003). The test for willfulness is whether "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). It is not enough for a plaintiff to show that his employer knew about the FLSA, knew his job duties, and improperly classified him. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127-28 (1985); *Halferty v. Pulse Drug Co., Inc.*, 826 F.2d 2, 3-4 (5th Cir. 1987) (willfulness under the FLSA requires, at a minimum, reckless disregard).

Plaintiff has not presented any evidence that raises a fact question on willfulness. St. Luke's has presented evidence that it has a procedure in place to ensure compliance with the FLSA, and specifically reviewed the exempt status of Network Analysts in 2004 and 2008.[2]

---

[2]    Aff. of Andrew Brown, D. Ex. C, ¶¶ 4-7; Classification Form, D. Ex. E.

The evidence indicates that St. Luke's sincerely, whether or not correctly, believed Tran to be an FLSA exempt employee.

St. Luke's motion for summary judgment on the issue of its willfulness is granted. The applicable statute of limitations in this case is two years.

### 2.    Computer Professional Exemption

An employee is covered by the computer professional exemption if he is paid a salary of not less than $455 per week[3] and his primary duties include one or more of the following:

> (1)  The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
> (2)  The design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
> (3) The design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
> (4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

29 C.F.R. § 541.400(b)(1)-(4).  The term "primary duty" means the principal, main, major, or most important duty that the employee performs.  29 C.F.R. § 541.700(a).  The amount of time spent performing exempt work is a useful guideline in determining a "primary duty."  29 C.F.R. § 541.700(b).  Other factors, such as the importance of managerial duties compared to other duties, the frequency with which the employee exercises discretion, and freedom from supervision, may support a determination that a duty is primary.  *See Dalheim*

---

[3]        There is no dispute that Tran meets the salary requirement for the exemption.

*v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990); *Lott v. Howard Wilson Chrysler Plymouth*, 203 F.3d 326, 331 (5th Cir. 2000).

As noted above, Tran was a Network Analyst in the ECS group of St. Luke's IT department.  He was supervised by Kenneth "Trent" Martin, who in turn reported to Susan Walker, the Director of Technology and Infrastructure of the department.  As an ECS Network Analyst, Tran had responsibility for back-up, anti-virus, web-filtering, and internet proxy systems, as well as responsibility for approximately 10 servers.[4]  Relying on Tran's resume, performance reviews, and deposition testimony, as well as testimony from other Network Analysts in the ECS group[5], St. Luke's contends that it has shown as a matter of law that Tran's primary duties satisfied all prongs of the computer professional exemption.  For example, St. Luke's contends that Tran's duties of configuring the schedules of implementation and upgrades for each of the systems for which he had responsibility, and, when failures occurred, for determining the source of the error and fixing it, constitute duties requiring him "to document, analyze, test, create, and/or modify computer systems or programs, which were based on and related to user or system design specifications or machine operating systems."[6]

---

[4]     Tran Dep., D. Ex. H, at 38-39.

[5]     Tran takes issue with St. Luke's reliance on what other employees say their duties were as proof of his own job duties.  The issue is not one of admissibility, but weight.  The court's assessment of whether or not it is credible that Tran performed different types of duties than others with his same title will await trial.

[6]     Dkt. 20 at 27.

Tran says that his job included tasks such as replacing broken servers, installing upgrades (but not creating or modifying software), and adjusting computer settings for users. He also created backup copies of information, and sometimes restored information from a backup copy.[7]   The only scheduling he was responsible for was entering the time when backups should be done (the "backup window") into the computer program "CommVault." The backup window was selected by the end users of each server.[8]   When a backup failed, he would make sure it eventually got completed.[9]   Tran also helped install and maintain the web filtering program.   But he did not decide what sites to block, he just entered the sites when he was instructed to do so.[10]

Even assuming that the computer professional exemption applies to computer personnel other than software and designers, *see Chicca v. St. Luke's Episcopal Hlth. Sys.*, Civ. Action No. H-10-2990, 2012 WL 844899 *6 (S.D. Tex. 2012); *Pellerin v Xspedius Mgmt. Co. of Shreveport L.L.C.*, 432 F. Supp. 2d 657 (W.D. La. 2006), it is clear that it does not apply to everyone who works on computers.   There is a genuine dispute of material fact regarding whether Tran's actual job duties meet the requirements of the computer professional exemption.

---

[7]      Tran Dec., Dkt. 27-4, ¶ 3.

[8]      *Id.* ¶ 9.

[9]      *Id.* ¶ 10.

[10]      *Id.*¶ 17.

7

### 3.     Administrative Exemption

The administrative exemption applies to salaried employees[11] whose primary duty is the performance of work "directly related to the management or general business operations of the employer" that "includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. 541.200.  Federal regulations provide guidance on what types of work are "directly related to the management or general business operations of the employer":

> (a)  . . . . The phrase "directly related to the management or general business operation" refers to the type of work performed by the employee.  To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.
>
> (b)  Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as . . . computer network, internet and database administration; . . .. Some of these activities may be performed by the employees who would qualify for another exemption.

20 C.F.R. § 541.201.

Federal regulations also attempt to provide guidance on what it means to exercise discretion and independent judgment.  In general, it "involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a).  It is a fact-specific determination, and the court considers factors such as:

---

[11]     As with the computer professional exemption, there is no dispute that Tran meets the salary requirement of the exemption.

whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of business; whether the employee performs work that affects the business operations to substantial degree, even if the employee's assignments are related to a particular segment of the business; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b).

Tran's declaration creates a factual dispute as to whether he ever exercised discretion and independent judgment on any matters of significance. His description of his duties indicates that while he played an important role in keeping St. Luke's computers up and running, but that he only did as he was instructed, within a very defined set of parameters.[12] To the extent he exercised any independent judgment, it was to do something like buy a replacement part for a server, which likely does not qualify as a "matter of significance" to St. Luke's. Again, factual disputes make summary judgment inappropriate.

---

[12]  *See, e.g., id.* ¶¶ 11 ("my supervisor decided which backup copies would go to disk and which ones would go to tape"); 14 ("In never ordered new servers, and I did not decide the specifications or requirements for servers"); 16 (the only software testing Tran recalls "involved entering St. Luke's required restrictions on internet pages into the new web filtering program, and then attempting to access sites outside the parameters to find out if the program worked"); 19 (he was told that St. Luke's would install a Symantec virus protection upgrade, his only decision was to upgrade 100 computers per day, instead of all computers at once, so that he would have an easier job handling trouble tickets); 20 (requests for new disk and storage space were the only form of capacity planning I did).

**<u>Conclusion</u>**

For the reasons discussed above, St. Luke's motion for summary judgment is granted on the issue of willfulness, making the applicable statute of limitations 2 years. The motion for summary judgment otherwise is denied.

Trial remains set for October 1, 2012.  The parties' joint pre-trial order is due September 21, 2012.

Signed at Houston, Texas on September 11, 2012.


Stephen Wm Smith
United States Magistrate Judge

10