# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS TRAN, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-0241 |
| | § | |
| ST. LUKE'S EPISCOPAL HEALTH SYSTEM, | § | |
| *Defendant.* | § | |

## COURT'S INSTRUCTIONS TO THE JURY

The following instructions were presented to the jury on the 4th day of October, 2012.

_____
Stephen Wm. Smith
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS TRAN, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-0241 |
| | § | |
| ST. LUKE'S EPISCOPAL HEALTH SYSTEM, | § | |
| *Defendant.* | § | |

## JURY INSTRUCTIONS

**1.    General Instructions**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Do not let bias, prejudice or sympathy play any part in your deliberations.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not

2

so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

3

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence-such as testimony of an eyewitness.  The other is indirect or circumstantial evidence-the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The parties used demonstrative exhibits during trial.  Demonstrative exhibits are illustrations used to describe something involved in this trial.  If your recollection of the evidence differs from the exhibit, rely on your recollection.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Do not let bias, prejudice, or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**2.      Stipulations of Fact**

The parties have agreed, or stipulated, to the following facts.  This means both sides agree these stipulations are true.  You must, therefore, treat these facts as having been proved, even if no evidence may have been specifically offered regarding them:

1.      St. Luke's employed Marcus Tran during the relevant time period;

2.      Marcus Tran's work was engaged in commerce or the production of

4

goods for commerce or St. Luke's business or businesses under unified

operation or common control employed at least two persons and was

engaged in commerce or the production of goods for commerce and

had annual gross sales of at least $500,000;

3.     Marcus Tran was compensated on a salary basis at a rate not less than  $455

per week.  Specifically, Tran was paid a monthly salary of $6,858 upon the

separation of his employment, approximately $82,296 per year;

4.     The workweek was from Sunday at 12:00 a.m. to Saturday at 11:59

p.m.;

5.     Marcus Tran was employed as a Network Technology Analyst during

the relevant time period.

**3.     Specific Instructions**

This case arises under the Fair Labor Standards Act, a federal law that provides for the

payment of time-and-a-half overtime pay.  Plaintiff Marcus Tran claims that St. Luke's did not pay

him the legally required overtime pay.  The relevant time period  for purposes of these instructions

is June 16, 2008 to March 15, 2010.

**The parties' burdens of proof**

Marcus Tran must prove each of the following by a preponderance of the evidence:

1.     He worked more than forty hours per week during one or more weeks

of employment for St. Luke's during the relevant time period;

2.     St. Luke's  failed to pay him overtime pay for all hours he worked in

excess of 40 in one or more workweeks as required by law.

5

If, after considering all the evidence, you find Marcus Tran has failed to prove one or more of the elements of his claim, your verdict must be for St. Luke's.

In its defense, St. Luke's claims that the overtime pay law does not apply because St. Luke's is exempt from those overtime pay requirements under the Fair Labor Standards Act. The exemptions claimed by St. Luke's are the computer professional exemption and/or the administrative employee exemption. The elements of the exemptions will be described in detail in later instructions. Even if you should find that Marcus Tran has proved all the necessary elements of his claim, you must return a verdict for St. Luke's if it proves by a preponderance of the evidence the essential elements of the exemptions it has asserted.

If you find that Marcus Tran has proved by a preponderance of the evidence all the elements of his claim, and St. Luke's has failed to prove by a preponderance of the evidence all the elements of its claimed exemption, then your verdict must be for Marcus Tran.

**Job title**

A job title alone is of little or no assistance in determining the true importance of an employee to the employer or his exempt or non-exempt status. The exempt or non-exempt status of any particular employee must be determined on the basis of whether his duties, responsibilities and salary meet all the requirements of the exemption.

**Computer professional exemption**

Your verdict must be for St. Luke's if St. Luke's proves by a preponderance of the evidence each of the following elements of the computer profession exemption:

1. Tran was compensated on a salary basis at a rate not less than $455 per week (as stipulated by the parties); and

6

2.  Tran was employed as a computer systems analyst, computer programmer, software engineer, or other similarly skilled worked in the computer field; and

3.  Tran's principal, main, major, or most important duty consisted of at least one of the following:

A.  The application of systems analysis techniques and procedures, including consulting with users to determine hardware, software, or system functional specifications;

B.  The design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

C.  The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

D.  A combination of the aforementioned duties, the performance of which requires the same level of skills.

## Administrative employee exemption

Your verdict must be for St. Luke's if St. Luke's proves by a preponderance of the evidence each of the following elements of the administrative employee exemption:

1.  Marcus Tran was compensated on a salary basis at a rate not less than $455 per week (as stipulated by the parties); and

2.  Marcus Tran's primary duty was the performance of office or non-

7

manual work directly related to the management or general business

operations of St. Luke's or St. Luke's customers; and

3.      Marcus Tran's primary duty included the exercise of discretion and

independent judgment with respect to matters of significance.

**Primary duty**.  The term "primary duty" means the principal, main, major, or most important

duty that the employee performs.  Determination of an employee's primary duty must be based on all

the facts in a particular case, with the major emphasis on the character of the employee's job as a

whole.

Factors to consider when determining the primary duty of an employee include, but are not

limited to, the relative importance of the exempt duties as compared with other types of duties; the

amount of time spent performing exempt work; the employee's relative freedom from direct

supervision; and the relationship between the employee's salary and the wages paid to other

employees for the kind of nonexempt work performed by the employee.

The amount of time spent performing exempt work can be a useful guide in determining

whether exempt work is the primary duty of an employee.  Thus, employees who spend more than

50 percent of their time performing exempt work, generally satisfy the primary duty requirement.

Time alone, however, is not the sole test.  To be exempt under the law, the employee is not required

to spend more than 50 percent of their time performing exempt work.  Employees who do not spend

more than 50 percent of their time performing exempt duties may, nonetheless, meet the primary duty

requirement if the other factors support such a conclusion.

In applying this definition, you should focus on the aspect of the employee's job that is of

principal value to the employer.

8

**Directly related to management or general business operations**.  For purposes of the administrative employee exemption, the phrase "directly related to management or general business operations" refers to the type of work performed by the employee.

To meet this requirement, an employee must perform work directly related to assisting with the administrative operations of a business, such as running or servicing the business, as distinguished from production work for the business, such as working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to functional areas such as budgeting; auditing; quality control; advertising; research; safety and health; human resources; computer network; internet and database administration; legal and regulatory compliance; and similar activities.   Some of these activities may be performed by employees who also would qualify for another exemption.

**Discretion and independent judgment.**   For purposes of the administrative employee exemption, the exercise of "discretion and independent judgment" involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered.

The phrase "matters of significance" refers to the level of importance or consequence of the work performed.

The phrase "discretion and independent judgment" must be applied in view of all the facts involved in the particular employment situation in which the question arises.  Factors to be considered when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to:

9

- Whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices;

- Whether the employee carries out major assignments in conducting the operations of the business;

- Whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business;

- Whether the employee has authority to commit the employer in matters that have significant financial impact;

- Whether the employee has authority to waive or deviate from established policies and procedures without prior approval;

- Whether the employee has authority to negotiate and bind the company on significant matters;

- Whether the employee provides consultation or expert advice to management;

- Whether the employee is involved in planning long- or short-term business objectives;

- Whether the employee investigates and resolves matters of significance on behalf of management; and

- Whether the employee represents the company in handling complaints, arbitrating disputes, or resolving grievances.

Generally, employees who meet at least two or three of these factors are exercising "discretion and independent judgment."

The exercise of "discretion and independent judgment" implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of "discretion and

independent judgment" may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review does not mean that the employee is not exercising "discretion and independent judgment." An employee may exercise discretion even if his or her recommendations or decisions are reviewed by a senior management official and occasionally revised or reversed. However, an employee must do more than simply report information or observations to management for a decision; the employee must make recommendations that are based on deliberation and reflect a choice of one course of action over another by the employee.

**Damages**

If you answer "yes" to question 1, and no to questions 2 and 3 on the Verdict Form, then you must answer two questions related to damages: (1) the number of overtime hours Tran worked and (2) whether his salary was intended to cover all hours worked each week. Once you have answered these questions the court will then calculate the amount of damages owed Tran based on his salary.

**Overtime hours worked**. You must determine the actual number of hours over 40 hours in a workweek Marcus Tran worked during the relevant period based on all of the evidence. If you find that Tran has shown the number of overtime hours he actually worked by a just and reasonable inference for which he was not properly compensated, the burden shifts to St. Luke's to produce evidence about the amount of work performed or to negate the reasonableness of the inference to by drawn from Tran's evidence.

The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed. Periods during which an

employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."

A "workweek" is a regularly recurring period of seven days or 168 hours, as designated by the employer. Pursuant to the law, each workweek stands alone. This means that hours over two or more weeks cannot be averaged. For example, if an employee works 30 hours one week and 50 hours the following week, the employee must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the two weeks is 40. Therefore, the employee worked 10 overtime hours during the second week and none during the first week.

**3.      Verdict Form**

I will now go over the Verdict Form setting forth the questions you must answer to render your verdict.

**4.      Closing Instructions**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with

you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.

13